**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Procoro Garduno,<br><br>    Plaintiff,<br><br>vs.<br><br>National Bank of Arizona, et al.,<br><br>    Defendants. | No. CV10-1472 PHX DGC<br><br><br><br>**ORDER** |

On June 21, 2010, Plaintiff Procoro Garduno filed the pending action in Maricopa County Superior Court. Doc. 1-1 at 2-44. On that same day, Maricopa County Superior Court granted Plaintiff's request for a temporary restraining order, which issued without notice pursuant to Arizona Rule of Civil Procedure 65(d). Doc. 1-2 at 1-4. Plaintiff also requested a preliminary injunction, and Superior Court set a hearing on the preliminary injunction request for July 29, 2010. Doc. 1-8 at 2.

On July 13, 2010, before Superior Court ruled on the preliminary injunction request, Defendants removed the case to this Court on the ground that Plaintiff's complaint raised federal questions. Doc. 1. On August 6, 2010, Plaintiff filed a motion to remand in which he claims that his complaint does not arise under federal law. Doc. 7.

On August 9, 2010, Defendant National Bank of Arizona filed a motion to dissolve the temporary restraining order that was issued by Superior Court. Doc. 8. Defendant made its motion pursuant to Federal Rule of Civil Procedure 65(b)(4), which states that "[o]n 2 days' notice to the party who obtained the [temporary restraining order] without notice . . . the adverse party may appear and move to dissolve or modify the order." The Rule further states that "[t]he court must then hear and decide the motion as promptly as justice requires."

1 | Fed. R. Civ. P. 65(b)(4).

2 | The Court finds that justice requires prompt briefing and a prompt hearing, as the temporary restraining order has been in place for nearly two months despite being issued without notice. *See* Doc. 1-2 at 1-4. Plaintiff shall file a response to the motion to dissolve (Doc. 8) no later than **August 23, 2010**. Defendant National Bank of Arizona shall file a reply no later than **August 27, 2010**.

The Court must determine whether it has jurisdiction over this matter before it makes the determination of whether the temporary restraining order should be dissolved. As a result, Defendants shall file a response to the motion to remand (Doc. 7) by no later than **August 23, 2010**. Plaintiff shall file a reply no later than **August 27, 2010**.

The Court will hold a hearing on the motion to dissolve the temporary restraining order on **September 7, 2010 at 4:30 p.m.** Should the Court determine that remand of this case is appropriate, the Court will vacate the hearing by separate order.

DATED this 19th day of August, 2010.

_____
David G. Campbell
United States District Judge