**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Procoro Garduno,<br><br>    Plaintiff,<br><br>vs.<br><br>National Bank of Arizona, et al.,<br><br>    Defendants. | No. CV10-1472 PHX DGC<br><br>**ORDER** |

In June of 2007, Plaintiff executed a promissory note and a deed of trust as part of a mortgage loan he obtained on real property located in Litchfield Park, Arizona. The loan documents list Defendant National Bank of Arizona as lender and trustee. Doc. 1-3 at 38. On March 11, 2010, Defendant Christopher R. Perry was named as successor trustee. Doc. 1-3 at 33. On March 23, Mr. Perry filed a notice of trustee's sale of Plaintiff's property. Doc. 1-3 at 35.

On June 21, 2010, Plaintiff filed a complaint against Defendants in state court, seeking, among other things, to enjoin the planned trustee's sale. Doc. 1-1 at 2-44. The complaint asserts seven claims: request for injunctive relief to prevent the trustee's sale of his property (Count One), request for declaratory relief (Count Two), breach of contract (Count Three), request for payment and cancellation of mortgage loan (Count Four), negligent misrepresentation (Count Five), fraudulent concealment (Count Six), and appraisal fraud (Count Seven). *Id.* at 2-44. Defendants removed the case to this Court. Doc. 1.

Plaintiff has filed a motion to remand. Doc. 7. The motion is fully briefed. Doc. 14, 17. Defendants have filed motions to dismiss (Docs. 6, 11) and a motion to dissolve a temporary restraining order issued before the case was removed (Doc. 8). For reasons that

follow, the Court will remand the case to state court for lack of federal jurisdiction. Given this ruling, the Court declines to decide the other pending motions. The September 7, 2010 hearing on the motion to dissolve the temporary restraining order is vacated.

**I.      Legal Standard.**

Pursuant to the removal statute, 28 U.S.C. § 1441(a), a civil case brought in state court over which the federal district courts have original jurisdiction may be removed to the federal court in the district where the action is pending. The statute is to be strictly construed against removal jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). This "strong presumption" against removal "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected, and the case remanded to state court, "if there is any doubt as to the right of removal in the first instance." *Id.*; *see* 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over cases involving a federal question, that is, cases "arising under the Constitution, laws, or treaties of the United States." The federal issue "must be a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (internal quotations and citations omitted).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). "However, under the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal quotation and citation omitted). "The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by

recharacterizing a plaintiff's state-law claim as a federal claim." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). "[C]ourts have used the artful pleading doctrine in: (1) complete preemption cases, and (2) substantial federal question cases." *Id.*

Complete preemption allows a court to recharacterize a state law claim as a federal claim. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-65 (1987). For a state law claim to be completely preempted, a defendant must show that the federal law (1) completely preempts the state law claim and (2) supplants the state law claim with a federal claim. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996-97 (9th Cir. 1987) ("[T]o remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim"). A claim is not completely preempted if a defendant is merely using preemption as a defense. *Id.* at 997 ("A state action cannot be removed to federal court based on a federal defense, even that of preemption[.]"); *see Caterpillar Inc.*, 482 U.S. at 393 ("[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

A state law claim falls into the "substantial federal question cases" category "when: (1) a substantial, disputed question of federal law is a *necessary* element of . . . the well-pleaded state claim, or the claim is an inherently federal claim articulated in state law terms, or (2) the right to relief depends on the resolution of a substantial, disputed federal question." *Lippitt*, 340 F.3d at 1043 (internal quotations and citations omitted) (emphasis in original).

**II.     Analysis.**

Defendants assert that this Court has federal question jurisdiction over the case because (1) Plaintiff's complaint alleges causes of action that arise under, are related to, or are completely preempted by the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Fourteenth Amendment to the United States Constitution, and the Home Affordable Modification Program ("HAMP"), and (2) Plaintiff's

- 3 -

complaint alleges causes of action that are completely preempted by the National Bank Act ("the NBA"). The question before the Court is whether Defendants have met their burden of proving that any of Plaintiff's claims arise under federal law.

**A.    RESPA, TILA, the Fourteenth Amendment, and HAMP.**

      **1.    RESPA.**

Defendants argue that the fraudulent concealment and negligent misrepresentation claims will require resolution of a substantial question of federal law. Doc. 14 at 4-5. They argue that these claims actually are brought under RESPA, even though Plaintiff does not mention RESPA in his complaint. *Id.* at 6.

Plaintiff has clearly stated that he is not bringing a claim under RESPA. *See* Doc. 17 at 4 ("Plaintiff has omitted all federal causes of action from his complaint."). Plaintiff is the master of the complaint and he explicitly chose not to bring any claims pursuant to RESPA. *See Caterpillar, Inc.*, 482 U.S. at 392. Rather, he chose to bring the common law claims of fraudulent concealment and negligent misrepresentation. Defendants may be correct that there are no state law causes of action for fraudulent concealment or negligent misrepresentation that can be based on Plaintiff's allegations – a question that must be addressed by the state court – but the insufficiency of state law claims does not convert them into federal claims. Defendants' bare assertion that no such state law causes of action exist is not sufficient for this Court to find that Plaintiff's claims automatically arise under RESPA, particularly where, as here, Plaintiff expressly states that his claims do not arise under RESPA.

Defendants also argue that Plaintiff's claims are preempted by RESPA. Doc. 14 at 7 (citing *Metropolitan Life Ins. Co.*, 481 U.S. at 63-64; *Toumajian v. Frailey*, 135 F.3d 648, 654-55 (9th Cir. 1998)). In support of this argument, Defendants cite the following provision of RESPA:

> Notwithstanding any provision of any law or regulation of any State, a person who makes a federally related mortgage loan or a servicer shall be considered to have complied with the provisions of any such State law or regulation requiring notice to a borrower at the time of application for a loan or transfer of the servicing of a loan if such person or servicer complies with the

> requirements under this section regarding timing, content, and procedures for notification of the borrower.

12 U.S.C. § 2605(h). This provision clearly states that RESPA controls the question of whether a mortgage lender complied with state laws requiring notice. The question before the Court, however, is not whether RESPA preempts some conflicting state laws, but rather whether it completely preempts the state law claim and supplants it with a federal claim. *Young*, 830 F.2d at 996-97. Defendants provide no authority or evidence that this provision, or any other provision in RESPA, "supplants" Plaintiff's state law claim with a federal claim. *Id.* As a result, the Court cannot find that Plaintiff's complaint was properly removed on the ground that these two claims were completely preempted by RESPA.

### 2. TILA.

Defendants argue that Plaintiff's claims of negligent misrepresentation and fraudulent concealment "specifically relate" to TILA, which "preempts state laws 'relating to the disclosure of information in connection with credit transactions' to the extent they are inconsistent with the requirements of TILA." Doc. 14 at 7 (quoting 12 C.F.R. § 226.28). They argue that the question of whether Defendants "had an obligation to make the disclosures . . . will require this Court to apply TILA to the facts of this case." *Id.*

The question of whether Defendants are liable for negligent misrepresentation and fraudulent concealment may involve issues of federal law, but this does not mean that Plaintiff's claims arise under TILA. Plaintiff is the master of his complaint and explicitly chose not to bring claims pursuant to TILA. He chose to bring the common law claims of fraudulent concealment and negligent misrepresentation. Defendants' bare assertion that the Court will have to apply TILA to the facts of this case is insufficient for the Court to find that Plaintiff's claims are brought under federal law. Indeed, it appears that Defendants are asserting that, as a defense, they will claim that TILA preempts Plaintiff's state law claims. Such a defense does not make a case removable. *Young*, 830 F.2d at 997 ("A state action cannot be removed to federal court based on a federal defense, even that of preemption[.]").

To the extent Defendants are arguing that TILA completely preempts Plaintiff's

- 5 -

1 claims, the Court cannot agree. Defendants have failed to provide the Court with any
2 authority showing that TILA completely preempts Plaintiff's claims or supplants them with
3 a federal claim. *Id.* at 996-97.

### 3. Fourteenth Amendment.

Defendants argue that Plaintiff's complaint arises out of federal law because Plaintiff states in one place in his complaint that "before a Trustee's Sale of [his] property occurs . . . [he] should be given the opportunity to exercise [his] right to procedural due process of law guaranteed by the Fourteenth Amendment to the U.S. Constitution." Doc. 1-1 at 13.

Plaintiff has made clear that he has omitted all federal claims from his complaint. *See* Doc. 17 at 4 ("Plaintiff has omitted all federal causes of action from his complaint."). The fact that the complaint makes one reference to the Fourteenth Amendment does not mean that the Constitution creates the cause of action under which Plaintiff is suing. *ARCO Envtl. Remediation*, 213 F.3d at 1113. Plaintiff's passing reference to the Constitution is not made in connection with any particular claim. Given that Plaintiff disavows any federal claim, the Court cannot find that Plaintiff's mere mention is sufficient to show that any one of Plaintiff's claims arise under federal law.

### 4. HAMP.

Defendants argue that this Court has jurisdiction because Plaintiff alleges a violation of the Home Affordable Modification Program ("HAMP"). Doc. 14 at 8 (citing paragraph 26 of Plaintiff's complaint). Defendants are correct that, in paragraph 26 of his complaint, Plaintiff notes that he submitted a request for loan modification under HAMP and that Defendants did not explain the reasons for the denial. Doc. 1-1 at 9-10. Plaintiff does not mention this anywhere else in his complaint, and certainly not in connection with any individual cause of action. Indeed, Plaintiff does not state that any of his claims are brought under HAMP or even relate to HAMP. Defendants have pointed the Court to no place in Plaintiff's complaint where a claim relies upon Defendants' alleged failure to comply with HAMP. Again, Plaintiff has made clear that he has omitted all federal claims from his complaint. *See* Doc. 17 at 4 ("Plaintiff has omitted all federal causes of action from his

1 complaint."). The fact that the complaint makes one reference to a federal statute does not
2 mean that the statute creates the cause of action under which Plaintiff is suing. *ARCO Envtl.*
3 *Remediation*, 213 F.3d at 1113.

4     **B.    The NBA.**

5     Defendants argue that Plaintiff's negligent misrepresentation and fraudulent
6 concealment claims are preempted and governed by the NBA. Defendants contend that
7 "[w]hile the Act does not preempt all state laws, the Act does preempt any state laws that
8 'obstruct, impair, or condition a national bank's ability to fully exercise its Federally
9 authorized real estate lending powers.'" Doc. 14 at 9 (quoting 12 C.F.R. § 34.4(a)).
10 Defendants argue that the NBA "preempts Plaintiff's Negligent Misrepresentation and
11 Fraudulent Concealment claims and provides this Court with federal question jurisdiction
12 because Plaintiff's proposed application of state law would place limitations on the sale of
13 mortgages and impose disclosure requirements that do not exist under – and are specifically
14 preempted by – federal law." Doc. 14 at 10.

15     As discussed above, an action based in state law is not removable to federal court even
16 if it may be opposed by the federal defense of preemption. *Young*, 830 F.2d at 997.
17 Defendants do not argue that the NBA supplants any of Plaintiff's state law claims with a
18 federal claim. Rather, they argue that Plaintiff's allegations are governed by the NBA
19 because it preempts state law limitations on certain aspects of mortgages. Doc. 14 at 11. In
20 support of its arguments, Defendants cite two cases – *Martinez v. Wells Fargo Home*
21 *Mortgage, Inc.*, 598 F.3d 549, 554-57 (9th Cir. 2010), and *In Re Countrywide Financial*
22 *Corp. Mortgage Marketing & Sales Practices Litigation*, 601 F. Supp. 2d 1201, 1223-24
23 (S.D. Cal. 2009). Neither of these cases addresses whether claims for negligent
24 misrepresentation and fraudulent concealment are completely preempted by the NBA and are
25 supplanted by NBA claims. *Young*, 830 F.2d at 996-97. In *Martinez*, the Ninth Circuit
26 merely determined that the NBA does not "preempt the field of banking," but rather preempts
27 certain state laws which "obstruct, impair, or condition a national bank's ability to fully
28 exercise its Federally authorized real estate lending powers[.]" 598 F.3d at 555 (internal

quotations omitted). Similarly, in *Countrywide*, the court was not determining whether the NBA completely preempts Arizona state law claims of negligent misrepresentation and fraudulent concealment. 601 F. Supp. 2d at 1223-24 (court determining whether an unjust enrichment claim, an unfair competition claim brought under California law, and a false or misleading statements claim brought under California law were preempted by the NBA). These cases simply do not hold that Plaintiff's claims are completely preempted by the NBA, nor do they hold that Plaintiff's claims are supplanted by federal claims that could have been brought under the NBA. Defendants have failed to meet their burden of proving that complete preemption exists.

### III. Conclusion.

Federal jurisdiction must be rejected, and the case remanded to state court, "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. It is not clear from the face of the complaint that any of Plaintiff's claims arise under federal law, and Defendants have failed to convince the Court that the claims should be recharacterized under the artful pleading rule because they are preempted or because they require resolution of a disputed federal question. The Court therefore concludes that federal question jurisdiction is lacking. *See* 28 U.S.C. § 1331. Because that was the sole basis for removal, the Court will grant the motion to remand.

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Doc. 7) is **granted**.
2. The hearing set for September 7, 2010 at 4:30 p.m. is **vacated**.
3. The Clerk of Court shall remand this action.

DATED this 3rd day of September, 2010.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge